UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRANKY MUNIZ, | Civil Action No. 12-7596 (PGS) |
| Petitioner, | |
| v. | OPINION |
| MICHELE RICCI, et al., | |
| Respondents. | |

**SHERIDAN**, District Judge

Petitioner Franky Muniz ("Petitioner"), a prisoner currently confined at New Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons expressed below, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

**I. BACKGROUND**

The Court recounts only the facts relevant to this Opinion. On April 30, 2003, a sixteen-count grand jury indictment charged Petitioner and others with various crimes. *State v. Muniz*, No. A-6630-03T4, 2006 WL 3702220, at *1 (N.J. Super. Ct. App. Div. Dec. 18, 2006); Pet., Ex. B. Specifically, Petitioner was charged in count one with being a leader of a narcotics trafficking network (first-degree), N.J.S.A. 2C:35-3; in count two with first-degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5a and -5b(1); in count six with attempted murder (first-degree), N.J.S.A. 2C:5-1, N.J.S.A. 2C:11-3a; in counts seven and ten with second-degree possession of weapons (handguns) for unlawful purposes, N.J.S.A. 2C:39-4a; in counts eight and eleven with third-degree unlawful possession of weapons (handguns), N.J.S.A. 2C:39-5b; in count

nine with fourth-degree aggravated assault, N.J.S.A. 2C:12-1b(4); and in counts fifteen and sixteen with being a convicted person in possession of firearms (second-degree), N.J.S.A. 2C:39-7b. *Id.* Counts one and two were severed from the rest of the indictment and tried separately. *Id.* Following a trial, the jury convicted Petitioner on counts one and two. *Id.* The court sentenced Petitioner, on the conviction for being a leader of a drug trafficking network, to a life term with a twenty-five year period of parole ineligibility; and, on the drug possession conviction, to a consecutive life term also with twenty-five years of parole ineligibility. *Id.* Several days later, Petitioner pled guilty, pursuant to a plea agreement, to count six of the indictment, amended to second-degree attempted aggravated assault, and to count fifteen. *Id.* The plea agreement provided for sentences that would be concurrent to those that had been imposed following the trial. *Id.*

Petitioner filed an appeal and on December 18, 2006, the Appellate Division affirmed the conviction but remanded for re-sentencing in light of recent New Jersey Supreme Court cases. *Id.* On May 11, 2007, the New Jersey Supreme Court denied the petition for certification. *State v. Muniz*, 923 A.2d 231 (N.J. 2007). Petitioner filed his first petition for post-conviction relief ("PCR") on May 29, 2007. (Resp't's Answer, Ex. N.) The PCR petition was dismissed on June 18, 2007 because it failed to comply with the New Jersey Court Rules. (*Id.* at Ex. O.) Petitioner did not file an appeal. On January 7, 2008, Petitioner filed his second PCR petition. (*Id.* at Ex. P.) On October 3, 2008, the PCR court denied relief. (*Id.* at Ex. T.) On June 29, 2011, the Appellate Division affirmed the denial, *State v. Muniz*, No. A-3966-08T1, 2012 WL 1548069 (N.J. Super. Ct. App. Div. June 29, 2011), and on December 13, 2011, the New Jersey Supreme Court denied the petition for certification, *State v. Muniz*, 35 A.3d 679 (N.J. 2011). On December 11, 2012, Petitioner filed the instant habeas petition. (ECF No. 1.)

## II. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Relevant for purposes of this case, the limitations period begins to run when the judgment becomes "final."[1] A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90–day period for filing a petition for writ of certiorari in the Supreme Court of the United States. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13; *see also* 28 U.S.C. § 2244(d)(1)(A) (the 1-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Based on the statutory language, the Supreme Court has held that even when a defendant does not file a petition for certiorari with the United States Supreme Court on direct review, the AEDPA 1-year limitations period starts to

---

[1] The statute states in full that the limitation period shall run from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence ....

28 U.S.C. § 2244(d)(1).

3

run when the time for seeking such review expires. *Gonzalez v. Thaler*, — U.S. —, —, 132 S.Ct. 641, 653, 181 L.Ed.2d 619 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Morris*, 187 F.3d at 337 n. 1 (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court").

Where applicable, the 1-year limitation period is tolled during the time that a valid state post-conviction review is pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, *Carey v. Saffold*, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed. *Swartz v. Meyers*, 204 F.3d at 420–24. This tolling does not include any petition for writ of certiorari in the United States Supreme Court for review of a denial of post-conviction relief. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n. 5 (3d Cir. 2013) (citing *Lawrence v. Florida*, 549 U.S. 327, 332 (2007)).

A petitioner also may be able to overcome the time bar if he can show a basis for equitable tolling. The Supreme Court has stated that, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable

4

tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

With respect to the diligence that is necessary for equitable tolling, the Third Circuit has stated that:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 130 S.Ct. at 2565. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).... The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d 784. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones*, 195 F.3d at 159). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

Here, Petitioner's conviction became final on August 9, 2007, 90 days after the New Jersey Supreme Court denied the petition for certification on direct review.[2] Petitioner filed his second

---

[2] The Court notes that Petitioner filed his first PCR petition before his conviction had even become final under AEDPA. As discussed above, the filing of a PCR petition normally tolls the 1 year limitations period for a habeas petition. However, in this case, the first PCR petition was dismissed, and the time to appeal the dismissal expired, before the conviction became final and the limitations period had even begun to run. As a result, there was no pending limitations period which could have been tolled when Petitioner filed his first PCR petition.

5

PCR petition on January 7, 2008, after 151 days of Petitioner's 1-year limitations period had already elapsed. The limitations period was statutorily tolled during his PCR proceedings, from January 7, 2008 until December 13, 2011, when the New Jersey Supreme Court denied the petition for certification. On December 14, 2011, Petitioner's limitations period began running again and expired 214 days later, on July 15, 2012. Since Petitioner did not submit his habeas petition to this Court until December 11, 2012, his Petition was filed 149 days beyond the 1-year limitations period and absent equitable tolling, the Petition must be dismissed as time barred.

Here, Respondent argues that the Petition is untimely and the Petition does not address the issue of timeliness. (Resp't's Answer 27-28.) Despite the fact that Respondent raised the issue of untimeliness in their Answer, Petitioner did not file a Reply or otherwise make any tolling arguments. Accordingly, the Petition must be dismissed with prejudice as untimely.

### III. CERTIFICATE OF APPEALABILITY

AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), the United States Supreme Court held: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

## IV. CONCLUSION

Based on the foregoing, the Court dismisses the Petition as untimely and denies a certificate of appealability.

Dated: 10/14/15

                                                         Peter G. Sheridan, U.S.D.J.